UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHA L. GILLESPIE,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case Number 09-11191
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR VOLUNTARY REMAND, AND REMANDING FOR AN AWARD OF BENEFITS

The plaintiff filed the present action on March 31, 2009 seeking review of the Commissioner's decision approving in part and denying in part the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The Commissioner found that the plaintiff was disabled and entitled to benefits for a closed period and medical improvement rendered her ineligible for benefits thereafter. The case was referred to United States Magistrate Judge Mona J. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to amend the decision of the Commissioner to state that the plaintiff remains disabled and remand the claim to the Commissioner for an award of benefits. The defendant filed a motion for voluntary remand to the Agency for further proceedings pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Magistrate Judge Majzoub filed a report on February 18, 2010 recommending that the plaintiff's motion for summary judgment be granted in part, the defendant's motion for voluntary remand be granted, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings to resolve the conflicting evidence on whether the plaintiff enjoyed medical improvement after October 2003 and if there is work available in the economy that the plaintiff can perform. The plaintiff filed timely objections to the recommendation and the defendant filed a response to these objections. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response, and has made a *de novo* review of the administrative record in light of the parties' submissions. In her objections, the plaintiff argues that the magistrate judge found in her favor on the three issues raised on appeal and contends therefore that the present record supports an award of benefits. The plaintiff points out that the magistrate judge found that the administrative law judge's (ALJ) determination that the plaintiff medically improved after October 29, 2003 was not supported by substantial evidence. The plaintiff reasons, therefore, that her disability ought to be deemed ongoing. The Commissioner takes a different position. It argued in its motion for summary judgment that the ALJ's hypothetical question to the vocational expert was defective, and therefore remand is necessary only to permit a proper hypothetical question to be asked and an appropriate decision based on that evidence rendered. The defendant does not discuss whether substantial evidence supports the ALJ's findings or point to record evidence that shows a documented change in the plaintiff's medical condition. The defendant has not objected to the magistrate judge's report, and the time for doing so has passed.

The plaintiff, who is currently forty-nine years old, filed for a period of disability and disability insurance benefits in early 2004 when she was forty-four. She has a GED and completed three years of post-secondary education which included training for her position as a corrections officer. The plaintiff was employed in that position from 1995 through May 2002. She also worked as a cook and a waitress in a restaurant from 1986 through 1994 and held a temporary position with the corrections department in a warehouse filing paperwork in September and October 2002, She states that she was unable to continue that work due to pain after her surgery. The plaintiff first had back problems at age 23, in 1983, when she had to lift a patient in a nursing home. Her symptoms subsided, but on December 7, 2001 she re-injured her back picking up heavy boxes at home. That injury eventually required surgery; on June 17, 2002, she underwent a laminectomy at L3-4 and L4-5, which included the installation of hardware and fusion of lumbar vertebrae. Since that surgery, the plaintiff testified that she experiences continual pain in her back for which she takes OxyContin and other medications. She testified that she has trouble standing and walking and requires the assistance of a stick when walking outside, is unable to sit for long periods of time, cannot lift a gallon of milk without using both hands, experiences pain when she raises her arms above her head or bends over, and has difficulty doing chores or leisure activities, for which she receives assistance from family members. She testified that pain in her right leg prevents her from driving long distances. A similar disc problem has developed in a lower disc in her spine, but the plaintiff testified that she refuses to go through surgery again. She stated that the pain she experiences and her need to lay down for a half-hour to 45 minutes several times during an eight-hour period prevents her from holding a full-time job. Since the surgery, the plaintiff also has experienced frequent migraine headaches.

The plaintiff's application for disability insurance benefits was denied initially, and she made a timely request for an administrative hearing. On May 16, 2005, she appeared before ALJ Regina Sobrino when she was forty-four years old. ALJ Sobrino filed a partially favorable decision on July 19, 2007, in which she found that the plaintiff was disabled from December 8, 2001 through October 30, 2003, but that decision was vacated in full by the Appeals Council on April 28, 2006, and the matter was remanded for further proceedings. On October 17, 2007, the plaintiff again appeared before ALJ Sobrino for a second hearing when she was forty-seven years old. ALJ Sobrino filed a partially favorable decision on February 9, 2008, again concluding that the plaintiff was disabled from December 8, 2001 through October 30, 2003. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff had not engaged in substantial gainful activity since December 8, 2001 (concluding that a period of favored work for two months in 2002 was an unsuccessful return to work attempt) (step 1); the plaintiff suffered from degenerative disc disease and joint failure, asthma, and migraine headaches, impairments that are "severe" within the meaning of the Social Security Act (step 2); none of these impairments alone or in combination met or equaled a Listing in the regulations (step 3); and the plaintiff could not perform her previous work as a waitress or corrections officer, which required medium to heavy exertion (step 4).

In deciding whether there was other work in the economy that the plaintiff could perform (step 5), the ALJ determined that the plaintiff retained the capacity to lift five to ten pounds, stand and walk for two hours of an eight-hour day, sit for four hours but had to alternate positions every fifteen minutes, and had other limitations as well. The ALJ concluded that from the onset date to October 29, 2003, the plaintiff "could not perform the standing, sitting and walking requirements

of even sedentary work for 8 hours per day, 5 days per week, or an equivalent schedule." Tr. 22. The ALJ based that conclusion on the plaintiff's history of lumbar disc surgery with installation of medical hardware, and continuing complaints of pain that interrupted sleep and was not controlled by increased doses of pain medication. Using the Medical-Vocational Guidelines as a framework, and based on the testimony of a vocational expert, the ALJ concluded that the plaintiff was disabled. That finding is not challenged on appeal.

The ALJ also found that after October 30, 2003, the plaintiff's residual functional capacity (RFC) improved so that she could stand and walk for five to six hours of an eight-hour day, and sit for eight hours if she could change positions every fifteen minutes. That change in capacity rendered the plaintiff able to perform a range of sedentary work, according to the ALJ. *See* Tr. 24. The plaintiff challenges that finding on appeal. And the obvious question is what changed between October 29 and 30, 2003?

Both the ALJ and the magistrate judge suggested that the case should be analyzed as one involving the termination of benefits due to medical improvement. It is true that a person previously determined to be disabled is not entitled to the continuation of benefits if the disability dissipates to the extent that the individual is able to perform gainful activity. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A prior disability determination does not create a presumption of continuing disability, *see* 42 U.S.C. § 423(f)(4); rather, the prior determination is used as a reference point from which to evaluate whether any medical improvement has been realized relating to the individual's ability to work. 42 U.S.C. § 423(f). The Secretary defines "medical improvement" as "any decrease in the severity of your impairment(s) which [*sic*] was present at the time of the most recent favorable medical decision that you were disabled or continued

to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1). To make this determination, the Commissioner employs an eight-step sequential analysis, described by both the ALJ and the magistrate judge.

However, the Sixth Circuit distinguishes between cases that involve a closed period of disability, such as the present one, and those involving the termination of benefits previously awarded, which is referred to as continuing disability review (CDR). *See Long v. Sec'y of Helath & Human Servcs.*, 45 F.3d 430 (table), 1994 WL 718540 (6th Cir. Dec. 27, 1994) (unpublished). "In order to find a closed period of disability, the Secretary must find that at some point in the past, the claimant was disabled and that, at some later point in the past, he improved to the point of no longer being disabled." *Id.* at *2. Section 423(f) does not apply, nor does the eight-step sequential analysis in 20 C.F.R. § 404.1594(b)(1), as they would for a CDR. Instead, the Commissioner's findings must be affirmed if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison v. NLRB*, 305 U.S. 197, 299 (1938)). *See also Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1053 (6th Cir. 1983).

This case comes before the Court in a somewhat unusual posture. The magistrate judge reviewed the ALJ's reasons for concluding that the plaintiff medically improved on October 30, 2003 to the point that she was no longer disabled, and correctly observed that the only medical documentation within range of that date was the treatment note of Dr. Kimberly Hanert, the plaintiff's treating physician who earlier referred the plaintiff to a specialist for back surgery. The

ALJ made the point of stating that on October 30, Dr. Hanert did not mention the side effects of the plaintiff's pain medication. True enough, but the ALJ neglected to mention that the treatment note states that the prescription for OxyContin was continued and the "[m]isuse of narcotics [was] discussed extensively" with the plaintiff. Tr. 200. Would not an "extensive" discussion of a prescription for strong narcotic pain medicine likely include the topic of side effects? The records document that the plaintiff continued on OxyContin for several months thereafter, and the dosage was increased from twice per day to three-to-four times per day in August 2004. The plaintiff later switched to methadone for pain control, but, as the magistrate judge noted, the pain was "not well controlled" by that medication in November 2005. Tr. 271.

The magistrate judge concluded that the ALJ's findings that the plaintiff enjoyed medical improvement was not supported by substantial evidence. The defendant has not objected to that conclusion. A party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Nevertheless, the Court has reviewed the record and agrees with the magistrate judge's conclusion that there is no substantial evidence in the record that supports a finding that the plaintiff's medical impairment changed for the better after October 29, 2003.

So we have a case where the Commissioner found that the plaintiff was disabled within the meaning of the Social Security Act for a closed period through October 29, 2003, a finding by the

magistrate judge that there is no substantial evidence of improvement after that date, and a concession of that point by the defendant's failure to object. The relevance of the question posed earlier — What changed between October 29 and 30, 2003? — looms large. The defendant has made no effort to cite evidence from the record that indicates an improvement of the plaintiff's condition after October 29, and the Court's thorough review of the record discloses none. In fact, as the magistrate judge suggested, it appears that the plaintiff's condition has deteriorated, inasmuch as she continues to suffer from the side effects of the strong pain medication she is taking, and she continues to need periods of rest during the day that are inconsistent with the competitive work environment. And although, as noted earlier, the eight-step analysis does not apply here, the Court cannot help but note the similarity of this case to the example of lack of medical improvement that the Secretary included in the regulations:

> Example 1: You were awarded disability benefits due to a herniated nucleus pulposus. At the time of our prior decision granting you benefits you had had a laminectomy. Postoperatively, a myelogram still shows evidence of a persistent deficit in your lumbar spine. You had pain in your back, and pain and a burning sensation in your right foot and leg. There were no muscle weakness or neurological changes and a modest decrease in motion in your back and leg. When we reviewed your claim your treating physician reported that he had seen you regularly every 2 to 3 months for the past 2 years. No further myelograms had been done, complaints of pain in the back and right leg continued especially on sitting or standing for more than a short period of time. Your doctor further reported a moderately decreased range of motion in your back and right leg, but again no muscle atrophy or neurological changes were reported. Medical improvement has not occurred because there has been no decrease in the severity of your back impairment as shown by changes in symptoms, signs or laboratory findings.

20 C.F.R. § 404.1594(b)(1).

Similarly, the Court finds that if the plaintiff was disabled before October 29, 2003 — which the Commissioner concedes — she was disabled thereafter because there was no substantial evidence of a change in her condition that affected her ability to perform substantial gainful activity.

The defendant states that the record does not support a clear entitlement to benefits, so a remand for additional proceedings is necessary. In *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171 (6th Cir. 1994), the district court found that the Commissioner's decision was not supported by substantial evidence because the hypothetical question posed by the ALJ to a vocational expert did not incorporate all of the claimant's impairments. The district court also concluded that it was unable to remand for taking new and additional evidence because of the limitation contained in sentence six of 42 U.S.C. § 405(g), which conditions a remand on a showing of good cause. Rather, the district court remanded for an award of benefits. On appeal, the Court of Appeals agreed that sentence six of section 405(g) requires the Secretary to establish good cause as a prerequisite to a remand. However, a post-judgment remand for further proceedings is authorized under sentence four of section 405(g). *Id.* at 174; *see also Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991).

The Court of Appeals in *Faucher* agreed that the Commissioner's decision was not supported by substantial evidence, but concluded that a remand for benefits was inappropriate in that case. The Court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of plaintiff's emotional impairments. The Court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations." *Faucher*, 17 F.3d at 176. The Court

concluded, therefore, that "the case must be remanded to the ALJ for further consideration of this issue." *Ibid.*

In *Mowery v. Heckler*, 771 F.2d 966 (6th Cir. 1985), the plaintiff sought Social Security disability insurance benefits, which were denied at the agency level, and he did not prevail in the district court. He suffered from hypertension, headaches and dizziness, and aches and pains. He was forced to stop work as a construction laborer because of pain. He had worked several years earlier as a night watchman. His IQ was below-average. Psychological tests established that the plaintiff was able to function only in construction and mining jobs, and an orthopedic examination showed that the plaintiff had limitations in movement which precluded that activity. The ALJ had denied benefits, concluding that the plaintiff could perform light work, such as that of a night watchman, although there was evidence in the record that plaintiff had suffered a hearing loss and could only perform as a night watchman when assisted by his son and daughter. The Court of Appeals reversed the district court and remanded the case to the agency for an award of benefits. The Court held:

> The court finds it unnecessary to remand the case to the Secretary for further evaluation. In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.

*Id.* at 973.

The Court believes this case is much closer to *Mowery* than to *Faucher*. The defendant points to the opinions of the state agency physicians as evidence supporting the less restrictive RFC the ALJ found to exist after October 30, 2003. However, the defendant has ignored the opinions of Dr. Hanert and the testimony of consulting physician Mary Jo Voelper that there was no significant

change in the plaintiff's condition through the 2007 hearing date, and that the plaintiff's limitations continued "at the same of similar degree of severity" from June 17, 2002 through the date of Dr. Hanert's evaluation in September 2004. Tr. 231. On the key point that the plaintiff needs to lay down frequently during the day at her discretion — which appears to be the main factor rendering her unable to perform competitive work — Dr. Voelper stated that she would not dispute Dr. Hanert's imposition of that restriction. Tr. at 363. Those facts render irrelevant the failure to include the restriction of not standing or walking on cement floors in the hypothetical question to the vocational expert.

There are two reasons the Court must consider the opinions of Drs. Hanert and Voelper when determining whether substantial evidence supports the ALJ's decision and proof of disability is strong. First, although it is not within this Court's prerogative to "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility," *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008), the Court nonetheless must review the entire record. A substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotes and citations omitted). *See also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000). If the Commissioner's determination is not supported by substantial evidence on the whole record, the administrative decision must be reversed and the case remanded for further action. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 242-43 (6th Cir. 2002).

Second, the plaintiff's treating physician, Dr. Kimberly Hanert, strongly supports a finding that the disability initially found by the ALJ continued through the hearing date. The ALJ rejected the treating physician's opinion, but the magistrate judge found that substantial evidence did not support that conclusion, which is another point the defendant concedes by his failure to object. *Cowherd*, 380 F.3d at 912. The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than the opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.,* 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988). Dr. Hanert's history of treatment of the plaintiff was longstanding and regular, and her records are well documented with laboratory findings, medical tests, and the results of physical examinations.

The Commissioner found that the plaintiff was disabled due to her back injury and continuing sequellae. No one has contested that point. There is no medically supportable reason

in the record to conclude that the plaintiff's disability improved to the point of allowing substantial gainful activity. In fact, the proof is overwhelming that the condition has continued and likely worsened.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion that substantial evidence did not support the ALJ's determination of medical improvement or justify rejection of the treating physician's opinions. The Court concludes that substantial evidence does not support the ALJ's determination that the plaintiff is capable of performing gainful activity.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 19] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the defendant's motion for voluntary remand for further proceedings [dkt. #17] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED IN PART**, and the matter is **REMANDED** to the Commissioner for an award of benefits.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:   October 14, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2010.

                               s/Teresa Scott-Feijoo
                               TERESA SCOTT-FEIJOO